# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5674 | **DATE** | 11/2/2004 |
| **CASE TITLE** | North Jackson vs. Caremark RX, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendant's Rule 12(b)(6) motion is denied (113-1), and defendants are ordered to answer the SAC on or before November 16, 2004. Finally, a status hearing is set for 9 a.m. November 19, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 118 |
| | Mail AO 450 form. | | 11/2/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT

2004 NOV -2 PM 3:53

Date/time received in
central Clerk's Office



NORTH JACKSON PHARMACY, INC.,  )
et al., etc.,                  )
                               )
                 Plaintiffs,   )
                               )
    v.                         )    No.  04 C 5674
                               )
CAREMARK RX, INC., et al.,     )
                               )
                 Defendants.   )

### MEMORANDUM ORDER

This Court inherited this action via a 28 U.S.C. §1404(a)
transfer from the United States District Court for the Northern
District of Alabama, where it had been part of a three-case
package of putative class actions charging violations of
Section 1 of the Sherman Act by a small group of pharmacy benefit
managers ("PBMs"). Promptly after the transfer the defendants in
this action (two related companies, one of which is alleged to
be a PBM involved in the claimed antitrust conspiracy) filed a
Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Second
Amended Complaint ("SAC") with prejudice. This Court just as
promptly set a briefing schedule, and plaintiffs' counsel have
now timely filed, in response to the Rule 12(b)(6) motion, the
second of what had been contemplated as a three-memorandum set.

Each side is represented by able counsel who have submitted
thoughtful memoranda advancing their respective points of view.
But plaintiffs' just-filed responsive memorandum has been
accompanied by a photocopy of the 25-page opinion issued on

October 13, 2004 by the transferor judge, Honorable Virginia Emerson Hopkins, rejecting a like Rule 12(b)(6) motion that had sought to dispatch the selfsame Second Amended Complaint in the two cases that were retained in the Alabama District Court.

To repeat the meticulous analysis in Judge Hopkins' thorough opinion as a predicate for arriving at the same conclusion would be "[t]o gild refined gold, to paint the lily..." (William Shakespeare, King John act 4, sc. 2). And that, as the poet went on to say, would be "wasteful and ridiculous excess" (id.). There is no need for defendants' reply memorandum--instead the Rule 12(b)(6) motion is denied, and defendants are ordered to answer the SAC on or before November 16, 2004.

Finally, a status hearing is set for 9 a.m. November 19, 2004. At that time the parties' counsel should be prepared to discuss issues relating to class certification and any other matters necessary to move this action forward on a suitably expedited basis.

Milton I. Shadur
Senior United States District Judge

Date: November 2, 2004

2